ELLIS, Judge
(dissenting).
I respectfully dissent in this case for the reason that I think the judgment of the District Court is manifestly erroneous.
It is my opinion that the testimony of disinterested witnesses offered on behalf of the plaintiff completely preponderates in favor of the plaintiff's version of the accident in this case.
Firstly, the defendant ran into the rear end of the plaintiff’s car. Secondly, the plaintiff’s car was moving at the time it was struck with all its lights on and both taillights burning. After the wreck the left rear taillight of plaintiff’s car was knocked out but witnesses testified that the right taillight was still burning.
The only excuse or defense offered by the defendant was that there were fog pockets on the road that night, that at the time he came to the fog pocket in which the collision occurred he was traveling about 40 miles per hour, and that he cut down his speed but that he was too close to the plaintiff when he saw him to stop and avoid the collision. The defendant admits that he saw plaintiff first at about a distance of 40 feet and immediately applied his brakes but could not stop. If he had been traveling at a reasonable rate of speed under the road conditions he should have been able to stop his car within the 40 feet. The defendant himself did not positively state that the plaintiff’s car was stopped in the highway nor that its taillights were burning. He testified on this point as follows:
“Q. Did you see any taillight or other light burning on his car? A. No, sir, I didn’t see any lights at all.
“Q. Was the car of Walter Cooper moving? A. I think Walter Cooper’s car was stopped.
“Q. It appeared to you that he was stopped? A. Yes, sir.”
In other words, the plaintiff was proceeding slowly down the road on a foggy night, as the defendant should have been doing, with front and taillights on and in good working order, and was struck from the rear by the defendant who was proceeding at 40 miles per hour, saw the plaintiff’s car a distance of 40 feet in front of him, and with the opposite lane clear was unable to miss the left rear of plaintiff’s car, although he did attempt to pull to his left.
The District Judge gave no written reasons, and on the face of the positive testimony in this record there was no legal justification for the defendant to have struck the rear of plaintiff’s automobile.
Interpreting the testimony as above outlined, I therefore feel duty bound to respectfully dissent from the majority opinion.